# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **T.G., a minor, by his father and natural guardian, ROBERT GLASGOW,** : <br> : <br> **Plaintiff** : <br> : <br> **v.** : <br> : <br> **THE COUNTY OF DAUPHIN,** *et al.*, : <br> : <br> **Defendants** : | **CIVIL ACTION NO. 1:07-CV-1099** <br><br> **(Judge Conner)** |

## ORDER

AND NOW, this 1st day of July, 2009, upon consideration of plaintiff's motion (Doc. 56) to approve minor's compromise, wherein plaintiff states that "T.G.'s father and guardian, Robert Glasgow, believes that this compromise is in T.G.'s best interest," (id. ¶ 4), and asserts that "the amount of the settlement, $120,000, fully and fairly compensates T.G. for the injuries he has suffered," (id.), and it appearing that all parties concur in the motion, and it further appearing that "[t]he parties to an administrative settlement of a minor's claim need only follow the procedures in place in . . . state . . . court for the approval of minor's settlements," Reo v. United States Postal Serv., 98 F.3d 73, 78 (3d Cir. 1996), and that Pennsylvania law states that "[n]o action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor," PA. R. CIV. P. 2039(a); see also Klein v. Cissone, 443 A.2d 799, 802 (Pa. Super. 1982) (explaining that the purpose of Rule 2039(a) "is to make the court aware of and in a position to properly evaluate a minor's settlement"), and

the court concluding that the settlement represents a reasonable resolution of the parties' dispute and advances minor-plaintiff's best interests, see <u>Power v. Tomarchio</u>, 701 A.2d 1371, 1374 (Pa. Super. 1997) (stating that Rule 2039(a) requires the court to "protect[] the best interests of the minor"), it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 56) to approve minor's compromise is GRANTED.

2. The agreement entitled "Release of All Claims," set forth at Docket Entry No. 56, Exhibit A, is APPROVED. Apportionment of the settlement proceeds shall be as follows:

   a. The attorney's fees and costs of Boyle, Neblett & Wenger are approved in the amount of $37,667.91.

   b. The sum of $2,332.09 shall be paid to the Pennsylvania Department of Public Welfare in satisfaction of a lien incurred during the course of the above-captioned litigation.

   c. The balance of the settlement proceeds, in the amount of $80,000, shall be made payable to "Robert Glasgow, Guardian of minor T.G." These funds shall be held in trust for the care and benefit of T.G., and shall be held and maintained in a federally-insured, interest-bearing savings account.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge